1  Joshua S. Force (State Bar No. 176383)
2  **SHER GARNER CAHILL RICHTER KLEIN**
       **& HILBERT, L.L.C.**
3  909 Poydras Street, Twenty-Eighth Floor
4  New Orleans, Louisiana  70112
   Telephone: (504) 299-2100
5  Facsimile: (504) 299-2300
6

7  Attorneys for Archon Information
8  Systems, L.L.C. and Bryan P. Barrios

9

10

11              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
12

13

14  | EDEN RUIZ ARI | Case Number: |
    |---|---|
15  | Plaintiff   ED CV | C10 - 01572 |
16  | | CV |
17  | v. | |
18  | ARCHON INFORMATION | |
19  | SYSTEMS, LLC, a Delaware limited | **NOTICE OF REMOVAL** |
    | liability corporation, Bryan P. Barrios, | |
20  | an individual, Does 1 through 100, | |
21  | inclusive | |
22  | Defendants | |
23

24

25

26        Defendants Archon Information Systems, L.L.C. ("Archon") and Bryan P.

27  Barrios ("Barrios") (collectively "Defendants") hereby remove to this Court the state

28

court action described below.[1]

## **INTRODUCTION**

1.     Eden Ruiz Ari ("Plaintiff") commenced this action seeking to recover damages for an alleged breach of contract, the rescission of a promissory note, and the return of money allegedly paid pursuant to the promissory note.

2.     This Court has jurisdiction pursuant to 28 USC §§ 1332 and 1441.  There is complete diversity of citizenship as to all parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     Defendants have attached all pleadings filed in the record of the state court proceeding.  *See* Exhibit A.  Plaintiff served Archon and Barrios with the Complaint on September 14, 2010.  Thus, this Notice of Removal is timely filed in compliance with 28 USC § 1441(b).

## **COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES**

4.     Plaintiff is alleged to be a citizen of the State of California.  *See* Ex. A, at Compl. at ¶ 1.

---

[1]   Defendants reserve their right to challenge this Honorable Court's personal jurisdiction over them.  *See Schnabel v. Lui*, 302 F.3d 1023, 1036 (9th Cir. 2002); *see also Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 300-01 (9th Cir. 1986) (holding that a removed action can be dismissed for lack of personal jurisdiction).

5.      Archon is a Delaware limited liability company with its principal place of business at Entergy Bldg., 639 Loyola Ave., Ste. 2520, New Orleans, LA 70113. Archon's members–William D. Sossamon and Beau Button–are natural citizens of Louisiana. Mr. Sossamon resides at 4432 Carondelet Street, New Orleans, LA 70115. Mr. Button resides at 3144 Maine Avenue, Kenner, LA 70065.

6.      Barrios is also a member of Archon and is a natural citizen of Louisiana, domiciled at 124 Ashton Dr., Thibodaux, LA 70301.

7.      The citizenship of the fictitiously named defendants, Does 1 through 100, is not considered in determining whether diversity is present.  *See* 28 USC § 1441(a) (stating "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

8.      A removing party can meet its burden to show that the amount in controversy exceeds the jurisdictional amount of $75,000 by demonstrating that it is facially apparent from the Complaint that the claims likely are above $75,000.  *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006).  Attorneys' fees and penalties are included in determining the jurisdictional amount.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

9.      Plaintiff has alleged damages associated with her breach of contract claim "in an amount not less than $2,000,000.00," which estimate does not include the

attorneys' fees Plaintiff has demanded under the alleged contract. *See* Ex. A, Compl. at ¶ 8. In addition, allegedly underlying Plaintiff's estimate is an amount of $130,000 owed for services rendered pursuant to the contract, of which amount $29,000 has already been paid to Plaintiff. *See id*. at ¶ 7. The remaining $101,000 likewise exceeds the jurisdictional amount.

10.    Plaintiff has also requested the rescission of a $60,000 promissory note, the return of an additional $30,000 alleged to have been withheld from her by Defendants, and any monetary penalties associated with allegedly usurious interest fees under California or Louisiana law. *See* Ex. A, Complaint at ¶¶ 11-13. Therefore, Plaintiff's claims in connection with the promissory note independently exceed the jurisdictional amount as well.

## CONCLUSION

11.    In sum, considering Plaintiff's claim for breach of contract and her claims relating to the promissory note, the amount in controversy requirement is plainly met, and, as demonstrated above, there is complete diversity of citizenship between Plaintiff and Defendants.

WHEREFORE, Defendants respectfully request that this Court assume full jurisdiction over the case herein as provided by law.

DATED:      October 13, 2010

SHER  GARNER  CAHILL  RICHTER
KLEIN & HILBERT, L.L.C.

By:_____
Joshua S. Force (State Bar No. 176383)
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana  70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS      FOR      ARCHON
INFORMATION SYSTEMS, L.L.C. AND
BRYAN P. BARRIOS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Notice of Removal has been served upon all counsel of record by facsimile, electronic mail and by placing the same in the United States mail this 13th day of October, 2010.

_____
Joshua S. Force

Joshua S. Force (State Bar No. 176383)
**SHER GARNER CAHILL RICHTER KLEIN**
    **& HILBERT, L.L.C.**
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300

Attorneys for Archon Information
Systems, L.L.C. and Bryan P. Barrios

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| EDEN RUIZ ARI<br><br>     Plaintiff<br><br>v.<br><br>ARCHON INFORMATION SYSTEMS, LLC, a Delaware limited liability corporation, Bryan P. Barrios, an individual, Does 1 through 100, inclusive<br><br>     Defendants | Case Number:<br><br>CR<br>CV<br><br>---<br><br>**NOTICE OF REMOVAL TO ADVERSE PARTY** |

**TO:** Plaintiff through her counsel of record:
    Raymond N. Haynes
    26322 Towne Centre Drive #834
    Foothill Ranch, Ca. 92610
    (916) 709-9781
    Cal. Bar No. 93852

PLEASE TAKE NOTICE that a Notice of Removal of the lawsuit entitled, *Ari v. Archon Info. Systems, LLC, et al.*, Case No. 1009149, was filed in the United States District Court for the Central District of California on October 12, 2010. A copy of the Notice of Removal is attached hereto. Defendants Archon Information Systems, L.L.C. and Bryan P. Barrios also filed a notice of the Notice of Removal with the clerk of the Superior Court of California, County of San Bernardino, Rancho Cucamonga District.

DATED:      October 13, 2010

**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**

By: _____
Joshua S. Force (State Bar No. 176383)
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
ATTORNEYS FOR ARCHON
INFORMATION SYSTEMS, L.L.C. AND
BRYAN P. BARRIOS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Notice of Removal has been served upon all counsel of record by facsimile, electronic mail and by placing the same in the United States mail this 13 day of October, 2010.

_____
Joshua S. Force

2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Archon Information Systems, LLC, a Delaware Limited Liability
Corporation, Bryan P. Barrios, Does 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Eden Ruiz Ari



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

SEP 0 7 2010

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California, County of
San Bernardino, Rancho Cucamonga District, 8303 North Haven
Avenue, Rancho Cucamonga, 91730

CASE NUMBER:
*(Número del Caso):* CIV 1 0 09749

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond N. Haynes, 26322 Towne Centre Drive #834, Foothill Ranch, Ca. 92610

DATE:
*(Fecha)*

Clerk, by
*(Secretario)*

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure



**EXHIBIT A**

Raymond N. Haynes
26322 Towne Centre Drive #834
Foothill Ranch, Ca. 92610
(916)709-9781 State Bar No. 93852

Attorney for Plaintiff

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

SEP 07 2010

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SAN BERNARDINO

# RANCHO CUCAMONGA DISTRICT

| | | |
|---|---|---|
| EDEN RUIZ ARI | ) | CASE NO. CIVRS 1 0 0 9 7 4 9 |
| | ) | |
| Plaintiff | ) | COMPLAINT FOR |
| | ) | DAMAGES FOR BREACH |
| | ) | OF CONTRACT, AND FOR |
| | ) | RESCISSION OF A |
| v. | ) | USURIOUS PROMISSORY |
| | ) | NOTE AND RESTITUTION |
| ARCHON INFORMATION SYSTEMS, LLC, | ) | OF MONEY PAID |
| a Delaware limited liability corporation , | ) | PURSUANT TO THE |
| BRYAN P. BARRIOS, an individual, | ) | NOTE |
| Does 1 through 100, inclusive | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff alleges:

1

# FIRST CAUSE OF ACTION
(For Damages for Breach of Contract)

1.  Plaintiff is an individual residing in the City of Chino Hills, County of San Bernardino, State of California, within this judicial district.

2.  Plaintiff is informed and believes, and on that basis alleges, that Archon Information Systems, LLC is a Delaware limited liability corporation, incorporated to do business in the State of Delaware, and licensed to do business, and doing business, in the State of California, with its principal of business in the State of Louisiana.

3.  Plaintiff is informed and believes, and on that basis alleges, that Defendant, Bryan P. Barrios is an individual residing in the State of Louisiana.

4.  Plaintiff is informed and believe, and on that basis alleges, that Defendants Does 1 through 100, are responsible for some or all of the acts giving rise to liability as alleged in this complaint, and are included in this complaint on that basis.

5.  The contracts at issue in this matter were formed in, acts pursuant to those contracts were performed in, and all causes of actions alleged in this complaint, arose within the West District of the San Bernardino Superior Court.

6.  On or about September 1, 2009, Plaintiff and Defendant Archon Information Systems, and Does 1 through 50, inclusive (cumulatively referred to in this complaint as "Archon") entered into an oral contract, in which Plaintiff agreed to provide, and Defendants Archon agreed to pay for, consulting services to be provided by Plaintiff in California, within the West District of the San Bernardino Superior Court, and in

2

1  Louisiana, for and on behalf of Defendants Archon.  That agreement was reduced to

2  writing on or about April 30, 2010, and a true and correct copy of that agreement is

3  attached Exhibit 1 to this complaint.

4        7.  Plaintiff provided all the services required of her by the contract, and earned the

5  commissions provided for in the contract, however, as of the date of the filing of this

6  complaint, Defendants Archon have failed and refused, and continue to fail and refuse to

7  provide the monthly distribution reports required by the contract, or to pay the sums

8  owed to Plaintiff as a result of the services performed by her.  Only partial payment of

9  $29,000.00 has been made, although Plaintiff has earned as of the date of the filing of this

10  complaint over $130,000.00, and Plaintiff is continuing to earn more commissions as a

11  result of the work she performed for Defendants Archon.

12        8.  As a result of the breach of Defendants, Archon, and each of them, Plaintiff has

13  been damaged in an amount not less than $2,000,000.00 as a result of earned, and unpaid

14  commissions due and owing under the contract, and those commissions and damages

15  continue to accrue, and the amount of damages as a result of the breach will continue to

16  accrue according to proof.

17        9.  The contract in this agreement provides for the payment of reasonable attorneys

18  fees expended in this action, and Plaintiff is entitled to those attorneys' fees according to

19  proof.

20

21

22

3

## SECOND CAUSE OF ACTION
(for rescission of a promissory note and restitution of the amounts paid
under that note, and penalties for usury)

10. Plaintiff incorporates the allegations contained in paragraphs 1 through 9 of this complaint into this cause of action by this reference.

11. On or about December 5, 2009, Defendant, Bryan P. Barrios and Does 51 through 100, inclusive (cumulatively referred to as "Barrios" in this complaint) entered into the promissory note attached as Exhibit 2 to this complaint. That note, on its face, called for the payment of a usurious interest rate, a rate of 100 per cent per year, a repayment of $30,000.00 in six months on a face amount of the loan of $60,000.00. This rate is illegal under both California and Louisiana law, and, by this complaint, Plaintiff requests that the note be rescinded.

12. Defendants Barrios is the Chief Executive Officer of Archon, and illegally deducted from amounts owed by Archon to Plaintiff the entire amount of $90,000.00 allegedly due under the illegal promissory note, and, despite demand by Plaintiff, failed and refused, and continues to fail and refuse, to return the amount he illegally paid to himself under the Archon contract.

13. As a result of this illegal note, the rescission of that note, and the illegal payment made by Archon to Barrios under the illegal note, Plaintiff is entitled to restitution of the amount of $90.000.00, plus penalties of triple the illegal amount paid

4

1  under California's usury law, for a total amount of $180,00.00 as a result of the illegal

2  conduct of Defendants Barrios.

3

4  Plaintiff, therefore, seeks the following judgment as a result of this action:

5      1.   Damages in the amount of not less than $2,000,000.00 as the result of the

6  breach of the contract attached as Exhibit 1 to this complaint;.

7      2.   Rescission of the note attached as Exhibit 2 to this complaint and restitution of

8  all money paid under that note to Barrios, for a total of $90,000.00;

9      3. Penalties of $90,000.00 for illegal interest collected by Barrios pursuant to the

10  usurious note, and not returned after demand by Plaintiff;

11      4. Attorneys fees pursuant to the contract according to proof;

12      5. For such other and further relief as the court may deem just and proper.

13  Dated:  August 31, 2010

14

15

16  By: _____

17      Raymond N. Haynes

18      Attorney for Plaintiff

5

Exhibit 1

EXECUTIVE AND LEADERSHIP COACH
CONSULTING AGREEMENT

THIS EXECUTIVE AND LEADERSHIP COACH CONSULTING AGREEMENT (the "Agreement") is made as of the 1st day of September, 2009, by and between Archon Information Systems, L.L.C. (the "Company") and Eden R. Ari (the "Coach").

WITNESSETH:

WHEREAS, Coach has experience in the areas of executive and leadership coaching and strategic relationship building;

WHEREAS, Company wishes to secure for itself the benefit of the Coach's experience and to engage the Coach to provide executive leadership training, coaching and assistance to the CEO; and

WHEREAS, Coach is willing to provide such services to the Company as specified herein;

NOW, THEREFORE, in consideration of the foregoing and the following terms and conditions, the sufficiency of which is hereby acknowledged, Company and Coach hereby agree as follows:

1. For the period (the "Consultation Period") commencing on the 1st day of September, 2009 and ending on the 31st day of August, 2010, Coach shall provide the services as described herein by making herself reasonably available to perform the services described herein when requested by Company's Chief Executive Officer. This contract may be extended in one year increments by mutual agreement of the parties.

2. Coach shall advise and assist Company according to Coach's own means and methods of work at such times as are mutually convenient for Coach and CEO. Coach shall utilize her knowledge, expertise, and independent judgment in providing assistance and advice to the CEO in the areas requested on behalf of the Company from time to time, which areas shall include, without limitation, the following: client relationship building; client and new income development; personal influence and effectiveness; effective networking; tactical negotiation; managing change; opportunity leveraging; positive thinking and reinforcement; effective and consistent decision making; communication improvement; and stress management. Coach's role is specifically to work with the CEO to help develop client relations & bring in revenue.

3. Company and Coach agree, and Company represents and warrants that Coach will be an independent contractor during the Consultation Period and that the performance of Coach's services hereunder shall be as an independent contractor. Nothing herein is intended to or shall be construed as making Coach an employee of Company or conferring on her any rights, privileges or benefits as

1
ARCHON EXECUTIVE CONSULTING AGREEMENT (BPB EDIT v2)

an employee of Company during the Consultation Period; all rights, privileges and benefits as Coach being set forth in this Agreement.

4. Coach shall commit such time as is reasonably necessary to perform the services described herein during the Consultation Period.

5. Upon receipt of the monthly distribution report, Company agrees to provide a statement for each client signed by Company in the amount of the contract with that client as well as a summary of the status of each pending client. During the Consultation Period, Company agrees at Company's request, Coach will submit to Company a statement of services rendered during the period of time requested. Company may terminate the Agreement without cause at any time by giving written notice to Coach. In the event of such termination, however, Company shall remain obligated for the payment of compensation to Coach as described in this Agreement.

6. In consideration of Coach's performing the services described herein, Company shall compensate Coach in accordance with the provisions of **Exhibit A** attached hereto and made a part hereof. Such compensation shall be payable monthly by Company to Coach directly (or as otherwise instructed by Coach) by Company checks written in United States dollars, sent by U.S. mail to Coach's address given below.

7. Coach shall be responsible for all taxes or other government imposed fees or charges that may accrue to the Coach by virtue of the compensation, reimbursements or other payments made hereunder.

8. Coach shall indemnify, defend, and hold harmless Company and all its members, principals, officers, employees, agents, representatives, contractors, successors, assigns, and all persons or entities for which Company might be responsible (collectively, the "Company Parties"), from and against any and all claims, actions, proceedings, investigations, obligations, damages (including, without limitation, special, indirect, consequential, and/or punitive damages), losses, costs, expenses (including, without limitation, attorneys' fees), and payments of any nature whatsoever (whether or not litigation commenced) incurred in connection with this Agreement and the relationship established hereunder, that may be made or asserted against the Company Parties or any one or more of them relating to, based on, or arising out of this Agreement, the relationship established hereunder, or the services being provided by Coach pursuant to this Agreement.

9 The validity, construction, interpretation and enforceability of this Agreement shall be determined and governed by the laws of the State of Louisiana without regard to the principles of conflicts of law.

10. The invalidity or enforceability of any provision of this Agreement as applied to a particular occurrence or circumstance shall not affect the validity or enforceability of any of the other provisions of this Agreement or the other applicability of such provision, as the case may be.

ARCHON EXECUTIVE CONSULTING AGREEMENT (BPB EDIT v2)

11.  During the Consultation Period, each party to this Agreement may come into possession of or acquire knowledge of confidential, proprietary, and trade secret information of the other party. Each party hereby covenants and agrees that such party will not, either during the Consultation Period or at any time thereafter, disclose any such confidential, proprietary or trade secret information to any person, firm, corporation, association, partnership or other entity for any purpose or reason whatsoever. Such confidential and proprietary information shall be deemed to include, but not be limited to, manuals, discs, tapes, and summaries or originals of any papers, documents, plans, specifications, customer lists, contracts, licenses or licensing agreements, data bases, or portions thereof, related to the services, products or operations of the other party or the other party' vendor and supplier lists, price lists, service lists, costs and other financial data or information, marketing information or plans, insurance information, and information regarding processes, personnel, market share, records, specifications and devices. Each party specifically agrees that such party will not make use of any such confidential or proprietary information for such party's own purpose, or for the benefit of any person, firm, corporation or other entity.

12.  Any notices, requests, demands or other communications hereunder shall be in writing and shall be deemed to have been duly given when delivered to Company or to the Coach by electronic mail at the following addresses:

        (a)    If to Company:

             Archon Information Systems, L.L.C.
             639 Loyola Avenue, Suite 2520
             New Orleans, Louisiana  70113
             Attention:  Bryan P. Barrios
             Email:  bryan.barrios@archoninfosys.com

        (b)    If to Coach:

             Eden R. Ari
             PO Box 27128
             Los Angeles, Ca 90027
             Email:  jinjibrat@yahoo.com

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the date first above written.

COMPANY:

ARCHON INFORMATION SYSTEMS, L.L.C.

By:_____
     Bryan P. Barrios, Chief Executive Officer

COACH:

_____
Eden R. Ari, Individually

## EXHIBIT A
## DESCRIPTION OF COMPENSATION

1. Beginning March 1, 2010, and for each month thereafter, Company shall pay a fee in the amount of 10% multiplied by the net revenue realized by the Company under any and all contracts with the parishes, counties and/or clients in which Company sought the direct assistance and services of Coach. Company shall pay Coach compensation within thirty (30) days of receipt of revenue from each separate client(s). As of the date of the signing of this contract, these clients include, but are not limited to, Caddo Parish Sheriff, Iberia Parish Sheriff, Lafourche Parish Sheriff, St. Mary Parish Sheriff and St. Landry Parish Government. The fees due under this agreement are calculated for a period of one year from the date of receipt of first payment to Company from each separate client.

2. Net revenue shall be computed as follows: Gross revenue generated from any & all fees charged by the Company to each client for Company performed contract services minus the following charges; cost of certified and non-certified mailings, cost of tax sale related newspapers expenses, tax sale related title research, tax sale related filing fees.

COMPANY:

ARCHON INFORMATION SYSTEMS, L.L.C.

By:_____
      Bryan P. Barrios, Chief Executive Officer

COACH:

_____
Eden R. Ari, Individually

6

Exhibit 2

## 60-Day Loan Agreement

The following 60-day loan agreement (Agreement) is entered into on this 5th day of December 2009, by and between Bryan P. Barrios (Barrios) and Eden R. Ari (Ari).

Barrios hereby loans Ari the sum of sixty thousand dollars ($60,000.00), repayable within 60 days from the date of this Agreement. The repayment amount shall be in the amount of ninety thousand dollars ($90,000.00), and shall be due not later than the 5th day of February 2009.

WHEREFORE, the parties hereto now agree to these terms and conditions as indicated by their signatures below:

_____                    _____

Bryan P. Barrios                                                     Eden R. Ari

December 5th, 2009                                                December 5th, 2009

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Raymond N. Haynes      State Bar No. 93852<br>26322 Towne Centre Drive #834<br>Foothill Ranch, Ca. 92610<br><br>TELEPHONE NO.: 916-709-9781      FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 8303 North Haven Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga, Ca 91730
BRANCH NAME: Rancho Cucamonga

CASE NAME:
Eden Ruiz Ari v. Archon Information Systems, etc, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 81 009742 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* two, breach of contract, rescission
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 7, 2010

Raymond N. Haynes
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|